# NOTE, SECURITY AGREEMENT & ARBITRATION AGREEMENT (Pennsylvania)

| Name & Mailing Address of Borrower(s) | Co-Borrower(s) | | |
|---|---|---|---|
| LEE SOLSMAN<br><br>323 N KEYSER AVE<br>SCRANTON, PA 18504 | CO-BORROWER ADDRESS IF NOT THE SAME | Maturity Date<br>08/01/2025 | Account No.<br>█████9105-█ |
| | | Loan Date<br>1/19/2021 | Loan Type<br>4 |

The borrower(s) who sign this Note, Security Agreement & Arbitration Agreement (*note*) are called *you* or *your*. The lender/creditor, Mariner Finance, LLC, whose address is 320 ROUTE 315 HWY, STE 210, PITTSTON, PA 18640_____, is called *we, us,* or *our*. Each borrower is responsible for individually repaying the loan in full.

These disclosures are required by law and are part of this note:

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate.<br><br>18.99 % | FINANCE CHARGE<br>The dollar amount the credit will cost you.<br><br>$ 7,596.28 | Amount Financed<br>The amount of credit provided to you or on your behalf.<br><br>$ 15,120.26 | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled.<br>$ 22,716.54 |
|---|---|---|---|

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 1 | $ 513.25 | 03/01/2021 First Payment Date |
| 53 | $ 418.93 | Other payments are due on the same date each following month until paid in full. |

**Security:** You are giving a security interest in: ☐ the goods or property being purchased. ☒ Auto / PP _____ ("PP" means certain household items)

**Late Payment:** If a payment is not received within 10 days after it is due, you will pay a late charge of 1.5% per month of such payment, but no less than $1.00.

**Prepayment:** If you pay off early, you will not have to pay a penalty and you may be entitled to a refund of part of the finance charge.

See the rest of this note for additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.                                                                                                        *e means an estimate*

**Itemization of Amount Financed**

1. $ __20,916.48__ Net Balance-Prior Account
2. $ ___NONE___ Plus Accrued Interest
3. $ __12,177.25__ Unpaid Balance-Prior Account
4. $ ____411.17__ To Insurance Company for Life Ins.*
5. $ ____934.30__ To Insurance Company for Dis. Ins.*
6. $ ___NONE___ To Insurance Company for Household Property Ins.*
7. $ ___NONE___ To Insurance Company for Non-Filing Ins.*
8. $ __1,117.54__ To Insurance Company for Invol. Unemp. Ins.*
9. $ ___NONE___ To us for Auto Physical Damage Ins.*
10. $ ___NONE___ To Public Officials for Recording Fees
11. $ ____480.00__ Cash to Borrower(s)
12. $ __15,120.26__ Amount Financed (Sum of 3-11)
13. $ ____150.00__ Service Charge (Prepaid Finance Charge)

*We or our affiliates may receive benefits from your purchase of these items.

If you do not meet your contract obligation, you may lose the Property that secures this loan.

At your direction and request, on your behalf and for your benefit, we will disburse the following (including any items described on Schedule B):

| a) $ | 300.00 | To LEE SOLSMAN |
| b) $ | 180.00 | To LEE SOLSMAN |
| c) $ | NONE | To N/A |
| d) $ | NONE | To N/A |
| e) $ | NONE | To N/A |
| f) $ | NONE | To N/A |
| g) $ | NONE | To N/A |
| h) $ | NONE | To N/A |

| $ | 7,446.28 | Discount |
| $ | 94.32 | First Payment Extension Charge |

You promise to pay us the Total of Payments, which includes interest at the rate of _____ 18.53 % per year (the *Interest Rate*), in monthly payments as scheduled above. Each payment is applied first to late charges, then to Finance Charge and then to principal, or in any order we decide. The late charge will continue to be charged on amounts unpaid after maturity (including after any judgment) until paid in full. You may prepay this note without penalty. If you prepay in full, we will refund any unearned interest portion of the Finance Charge using the Rule of 78's refund method for notes with an original term of 61 months or less. We will use the Actuarial refund method for notes with an original term of greater than 61 months. No refund of less than $1.00 will be made. If you prepay between scheduled payment dates, the refund is computed as of the next payment due date. The Service Charge is earned when the loan is made and will not be refunded. Partial prepayments will be applied against the unpaid balance and you must still make each scheduled monthly payment until the entire balance is paid.

Credit life, credit disability and involuntary unemployment insurance are not required to get credit, and won't be provided unless you sign and agree to pay the additional cost.

| Credit Life<br>☒ Single ☐ Joint Coverage | $ 411.17 | You want credit life insurance.<br>You also want joint credit life insurance. | Signature _*LEE SOLSMAN*_<br>Signature |
|---|---|---|---|
| Credit Disability<br>☒ Single ☐ Joint Coverage | $ 934.30 | You want credit disability insurance<br>You also want joint credit disability insurance. | Signature _*LEE SOLSMAN*_<br>Signature |
| Involuntary Unemployment | $ 1,117.54 | You want involuntary unemployment insurance. | Signature _*LEE SOLSMAN*_ |

**Property Insurance.** If the Property (as defined below) is a motor vehicle, you agree to buy and maintain primary automobile physical damage insurance consisting of comprehensive and collision coverage, covering loss or damage to the Property. You may buy property insurance (automobile physical damage insurance and household property insurance) from anyone you want. If you get dual interest primary automobile physical damage insurance through us for a term of __N/A__ months you will pay $ __NONE__. If you get dual interest household property insurance through us for a term of __N/A__ months you will pay $ __NONE__.

*You want* ☐ *dual interest primary automobile physical damage insurance* ☐ *dual interest household property insurance through us.*
*Signature* _____

You grant us a security interest in the following property, all parts, accessories, and equipment now or later added to the property, and all proceeds (collectively, the *Property*). We give up any right we have (now or later) to consider collateral you give us for another obligation as collateral for this note unless it is described in this note.

☒ Motor Vehicle(s) described as follows

| NEW OR USED | YEAR AND MAKE | NO. CYL | SERIES NAME<br>(Also No. if applicable) | BODY, TYPE & MODEL NO.<br>(If truck, tons capacity) | IDENTIFICATION NO.<br>(Serial or Motor No.) |
|---|---|---|---|---|---|
| Used | 2013 Toyota | | Highlander | Utility 4D 4WD 3.5L V6 | ████████2429 |
| | | | | | |
| | | | | | |
| | | | | | |

☒ Personal Property. See attached Schedule A, which is part of this note, for more detail.

You promise that: you are the owner of the Property and, if there is a certificate of title to the Property, you will promptly deliver the certificate to us; you will not sell, lease or otherwise dispose of the Property without our prior written consent; you will keep the Property in this state, unless the Property is a motor vehicle, in which case you only will use it outside this state in the course of your normal use of the Property; you will not use the Property in violation of any law or in any manner inconsistent with any insurance policy; you will pay all taxes, assessments and other fees payable

PA NOTE 12.2018
10119-01                                                              Page 1 of 3

Case 5:21-bk-01009-MJC    Claim 1-1 Part 4    Filed 05/11/21    Desc contract    Page 1
Case 5:21-bk-01009-MJC    Doc 44    Filed 04/13/22    Entered 04/13/22 13:26:14    Desc
                         Main Document    Page 1 of 3

on the Property when they are due and payable; only we have a security interest in the Property unless you have told us in writing about another security interest; you will not permit any other security interest to be on the Property without our prior written consent; and you will keep the Property in good condition and repair and you will not permit anything to be done to the Property that would impair its value.

## ADDITIONAL TERMS AND CONDITIONS

1. If you make a payment with a check that is dishonored, you agree to pay us a bad check fee of $50.00.
2. We may inspect the Property at any reasonable time. You will show us the Property or give us a written statement showing the location of the Property whenever we ask. You authorize us to file all financing statements, continuation statements and security interest filing statements with respect to the Property and you agree to sign such statements at our request.
3. You will keep the Property insured for its full value against loss or damage. If the Property is a motor vehicle, your physical damage insurance policy must insure the Property for its full replacement value with a deductible amount of no more than $500. Your insurance policies must say that the insurance is payable to us to the extent of what you owe us and you must give us a loss payable clause satisfactory to us. You assign any returned or unearned insurance premiums due upon cancellation of any insurance policy to us. You direct the insurance companies to pay us all insurance proceeds and returned or unearned premiums.
4. You will be in default if: you do not make a payment on time; you are (or any other person puts you) in bankruptcy, insolvency or receivership; any credit information you gave to us or any representation you make to us in this note is materially wrong; you do not fulfill any obligation of yours in this note; or you die.
5. When you are in default, we may require you to pay this loan plus accrued charges less a refund of interest computed in the same way as if you had made payment in full in advance, at once, in addition to any other remedies we have. If we place this note in the hands of an attorney, not our salaried employee, for collection, you agree to pay our attorney fees. You also agree to pay all court costs and actual reasonable expenses of repossessing, storing and selling the Property.
6. When you are in default, we have the rights and remedies of a secured party under Pennsylvania law, including the right to repossess the Property. If we repossess the Property other than by legal process, we will send you a repossession notice. The notice will inform you that the Property will be sold at a public or private sale, and that you may get the Property back by paying the full amount owed under the note (redeem) within 15 days of the date of mailing of the notice. In our discretion, we may also allow you to get the Property back by paying all past due payments and default charges (reinstate) within 15 days of the date of mailing of the notice. We will tell you how much you must pay to redeem the Property or (if we allow it) reinstate the note. The repossession notice may be sent to your address last shown on our records. We may require you to assemble and make the Property available to us at any place convenient to both of us. If any of your possessions are in or attached to the Property at the time it is repossessed, you authorize us to take them without any liability. We will store them for you safely. We will tell you where they are stored and you may redeem them. If you do not claim your possessions within 30 days after the Property is repossessed, we may dispose of them in any manner we deem appropriate without notice to you, unless required otherwise by applicable law. You agree to pay any deficiency after the sale of the Property.
7. We can waive or delay enforcing any of our rights without losing them. We can waive or delay enforcing a right against one of you without losing it as to the other. We can release one of you without releasing the other. You consent to extensions of time without notice.
8. Pennsylvania law and federal law govern this note. If any part of this note is unenforceable, this will not make any other part unenforceable (subject to the paragraph below titled Other Agreements). You won't be required to pay interest or charges in excess of those permitted by law. In addition, if any provision of this note is contrary to the rights and protections afforded to any "covered borrower" as defined in the Military Lending Act, such contrary provision of this note shall be inoperative and shall have no force or effect in connection with such "covered borrower;" however all remaining provisions of this note shall remain in full force and effect.

---

<u>Military Lending Act Disclosures</u>: **THE FOLLOWING DISCLOSURES APPLY IF YOU ARE AN ACTIVE DUTY MEMBER OF THE MILITARY OR A DEPENDENT OF AN ACTIVE DUTY MILITARY MEMBER.**
Mariner Finance appreciates your and your family's service to our country. As an active duty member of the military (or dependent of an active duty military member), the Federal Military Lending Act ("MLA") provides you with certain protections. Please see below for important information about your loan.
**Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependents may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums, fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).**

Please also call 1-877-299-3124 to receive your MLA disclosures over the phone.

---

READ THE BELOW ARBITRATION AGREEMENT CAREFULLY. IT PROVIDES, AMONG OTHER TERMS:
- YOU OR WE MAY ELECT TO HAVE DISPUTES BETWEEN US RESOLVED BY BINDING ARBITRATION INSTEAD OF IN COURT.
- IN ARBITRATION YOU GIVE UP THE RIGHT TO SUE IN COURT AND DISCOVERY AND RIGHTS OF APPEAL ARE LIMITED. A NEUTRAL ARBITRATOR RESOLVES THE DISPUTE INSTEAD OF A JUDGE OR JURY.
- YOU MAY NOT PARTICIPATE AS A CLASS REPRESENTATIVE OR MEMBER IN ARBITRATION OR IN ANY OTHER CONSOLIDATED PROCEEDING.
- YOU MAY REJECT THE BELOW ARBITRATION AGREEMENT FOR A CERTAIN AMOUNT OF TIME AFTER THE NOTE DATE.

*The below Arbitration Agreement does not apply to any "covered borrower" as defined in the Military Lending Act.*

---

By signing this note, you agree to this Arbitration Agreement (Agreement). This Agreement is part of your note. In this Agreement, "you," "we," "us," and "our" include subsidiaries, affiliates, agents, employers, successors, and assigns.

**Arbitration Agreement.** You or we may elect to have any Claim (defined below) resolved by neutral binding arbitration instead of in court. You waive any right you have to resolve a Claim between you and us in court. You waive any right you have to participate as a class representative or class member.

**Claim.** Claim means any claim or dispute, whether arising in law, equity, or otherwise, and regardless of the type of relief sought involving your application for credit, the note, the origination, servicing and enforcement of the obligation, any insurance contract or warranty or other product or service you buy, the validity, enforceability and scope of this Agreement and the note, and any relationship that results from the note or underlying obligation. Claim includes initial claims, counterclaims, cross-claims, and third-party claims.

**Small Claims.** You and we retain the right to seek individual relief in small claims court so long as the Claim is only in that court and is within that court's jurisdiction. Filing or pursuing a Claim in small claims court does not waive any right to seek arbitration for Claims outside the court's jurisdiction or if the Claim is transferred, removed, or appealed to a different court.

**Excluded Claims.** The following claims, called Excluded Claims, are excluded from the arbitration process: self-help remedies (such as repossession), foreclosure, replevin, garnishment, and/or individual injunctive relief. Pursuing an Excluded Claim in court does not waive any right to seek arbitration for Claims outside the court's jurisdiction, or if an Excluded Claim is transferred, removed, or appealed to a different court.

PA NOTE 12.2018
10119-02

Page 2 of 3

Case 5:21-bk-01009-MJC   Claim 1-1 Part 4   Filed 05/11/21   Desc contract   Page 2
Case 5:21-bk-01009-MJC   Doc 44   Filed 04/13/22   Entered 04/13/22 13:26:14   Desc
Main Document   Page 2 of 3

**Non-Waiver.** Even if a Claim is brought in court, you or we may choose to arbitrate any Claim made by a new party or any Claim later asserted by a party in that action or any related or unrelated lawsuit.

**Arbitration Process.** Arbitrations will be conducted by the American Arbitration Association ("AAA") or, if the AAA is not available, another arbitration organization, subject to agreement by both you and us. You can find the rules of the AAA by visiting its website at www.adr.org. Arbitrators must be attorneys or retired judges with at least 15 years of experience practicing law. Arbitrators must be selected according to rules of the AAA or any other agreed arbitration organization. Arbitrators must apply substantive governing law and applicable statutes of limitation.

The arbitration hearing will be conducted in the federal district where you live. The arbitration may take place somewhere else more convenient to you if required by the rules of the AAA or any other agreed arbitration organization. If you and we agree, the arbitration can be conducted by telephone. We will advance and/or pay any fees and costs required by the rules of the AAA or any other agreed arbitration organization to ensure this arbitration agreement is enforceable. You and we will each pay our own attorney's fees and witness and experts' expenses, except as otherwise required by law or this Agreement. The arbitration award must be in writing. Any award must be kept confidential. The arbitrator's decision is final and binding. You and we have a limited right to appeal as permitted under the Federal Arbitration Act.

**30 Days to Resolve Claims.** Before you start an arbitration, you agree to write to us at our address at the top of the note (or any changed address that we have provided to you in writing) and give us a reasonable opportunity to resolve your Claim. Your letter must tell us your name and account number, describe your Claim, including the dollar amount of your Claim, and describe any other information you need from us.

Before we start an arbitration, we must write to you at your address at the top of the note (or any changed address that you have told us about in writing), describe our Claim, including the dollar amount of our Claim, and give you a reasonable opportunity to resolve the Claim.

We each have 30 days from receipt of notice to resolve the Claim before starting an arbitration.

**Limitations.** The arbitrator may award punitive damages if allowed under similar circumstances in a state court in the state where the arbitration occurs. The arbitrator must follow applicable state and federal laws regarding the amount of punitive damages. The arbitrator must state the exact amount of the punitive damages award. The arbitrator must allow you and us the same procedural rights and use the same standards and guidelines that would apply in a lawsuit in the state where the arbitration occurs. The arbitrator may award individual injunctive relief for the benefit of either party to the arbitration. The arbitrator may not award injunctive relief for the benefit of other persons.

**Applicable Law.** This Agreement relates to a credit transaction involving interstate commerce. Any arbitration under this Agreement is governed by the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*), and only in the event and to the limited extent that the Federal Arbitration Act does not apply, the law of the state governing your note will apply.

**CLASS ACTION WAIVER.** *Other than as expressly provided in this Agreement, you and we agree that only an arbitrator may resolve Claims. You agree not to bring or participate as a class representative or a class member in any class action in arbitration or in any other consolidated proceeding. Any Claim between you and us must be resolved on an individual basis. Arbitration is not available and will not be conducted on a class-wide basis.*

**Other Agreements.** If any part of this Agreement, other than the Class Action Waiver, is found by a court or arbitrator to be unenforceable, the remainder is enforceable. If the Class Action Waiver is found by a court or arbitrator to be unenforceable, the remainder of this Agreement is unenforceable. This Agreement will survive the termination of the note, regardless of reason for termination. Either you or we can compel arbitration in any court proceeding, regardless of which party filed suit. Either you or we can enforce an arbitration award. This Agreement does not stop you from filing a complaint with a federal, state, or local regulator.

**Rejection of Agreement.** *You may reject this Agreement by sending us a rejection notice at our address at the top of the note (and no other location) within 60 days after the date of the note. The notice must include a statement that you reject the Agreement, and your name address, telephone number, and note number. You must sign the rejection notice in order for it to be effective.*

You received a completely filled in copy of this note before you signed it. All 3 pages of this note and Schedules A and B (if any) are specifically incorporated in this note by reference. This note (all 3 pages) and Schedules A and B (if any) is your entire agreement with us and cannot be changed except in writing signed by us. Pages 2 and 3 contain an arbitration agreement that is part of this note. By signing below, you agree to all of the terms of this note and you authorize us to order credit reports on you from time to time. You ask us to make the payments listed above and on Schedule B (if any).

| | |
|---|---|
| *NICOLE GARRIS* | *LEE SOLSMAN* _____(SEAL) |
| (WITNESS) | (BORROWER) |
| _____ | _____(SEAL) |
| (WITNESS) | (BORROWER) |
| _____ | _____(SEAL) |
| (WITNESS) | (BORROWER) |
| _____ | _____(SEAL) |
| (WITNESS) | (BORROWER) |

Any individuals that sign this note as non-obligor below sign solely for the purpose of granting us a security interest in the Property and such individuals are not obligated for the payment of any monies.

| | |
|---|---|
| _____ | _____(SEAL) |
| (WITNESS) | (NON-OBLIGOR) |
| _____ | _____(SEAL) |
| (WITNESS) | (NON-OBLIGOR) |

☐ **The following notice applies if this box is checked: NOTICE: A HOLDER OF THIS AGREEMENT IS SUBJECT TO ALL CLAIMS AND DEFENSES THAT THE BUYER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS OF THIS AGREEMENT. RECOVERY UNDER THIS AGREEMENT BY THE BUYER MAY NOT EXCEED THE AMOUNT PAID BY THE BUYER UNDER THE AGREEMENT.**

The within instrument or agreement is pledged as collateral to Wells Fargo Bank, N.A.

PA NOTE 12.2018
10119-03

Page 3 of 3

Case 5:21-bk-01009-MJC    Claim 1-1 Part 4    Filed 05/11/21    Desc  contract    Page 3 of 3
Case 5:21-bk-01009-MJC    Doc 44    Filed 04/13/22    Entered 04/13/22 13:26:14    Desc Main Document    Page 3 of 3